IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRANTE WARD,

     Plaintiff,

v.                                         CASE NO. 5:17-cv-12-MCR-GRJ

SUPERVISOR SMITH, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff, an inmate presently confined at Columbia Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper.  The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e).  Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  For the following reasons, the undersigned recommends that this case be dismissed for failure to state a claim upon which relief may be granted.

     The allegations of the Complaint concern an incident that occurred in August 2015 while Plaintiff was confined at Apalachee CI.  Plaintiff was

part of a disciplinary work squad that was required to march in military-style formation on a roadway.  Plaintiff alleges that the roadway was in frequent use by vehicles.  While Plaintiff and other inmates were marching, a golf cart driven by a maintenance supervisor struck Plaintiff and several other inmates who were marching in the back of the formation.  Plaintiff's resulting back and neck injuries required a week's stay in the prison infirmary.  Plaintiff alleges that prison officials disregarded the risk to inmates by requiring them to march in the roadway.  He alleges that officials failed to investigate the driver's carelessness or test him for impairment.  Plaintiff alleges that the prison officials failed to ensure the safety of inmates.  Plaintiff alleges that the officials' conduct amounted to cruel and unusual punishment.  Plaintiff seeks compensatory and punitive damages.  ECF No. 1.

> In any section 1983 action, two essential elements must be present:
>
> 1. conduct by a person acting under color of state law; and
>
> 2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261

F.3d 1295, 1303 (11th Cir. 2001).

The Eighth Amendment imposes duties on prison officials including the duty to take reasonable measures to ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  To establish deliberate indifference to his health or safety, a prisoner must allege sufficient facts showing (1) a substantial risk of serious harm; (2) a prison official's deliberate indifference to that risk; and (3) causation.  *Purcell v. Toombs County*, 400 F.3d 1313, 1319 (11th Cir. 2005).  "To be deliberately indifferent, a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Purcell*, 400 F.3d at 1319–1320, quoting *Farmer*, 511 U.S. at 837. Stated slightly differently, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) *by conduct that is more than gross negligence*." *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010) (emphasis added).

In this case, Plaintiff's allegations do not suggest that prison officials

acted with deliberate indifference to Plaintiff's safety. The facts alleged by Plaintiff suggest, at most, that the officers directing the work squad and/or the driver of the golf cart were negligent. Mere negligent conduct, even grossly negligent conduct, is insufficient to state a claim for a constitutional violation under § 1983. *See id.*

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** this 26th  day of June 2017.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge